# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

DAVON MILLER,
    *Petitioner,*

v.

JUDGE BROWN,
    *Respondent.*

No. 3:18-cv-1823 (JAM)

**ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS**

Plaintiff Davon Miller is a prisoner in the custody of the Connecticut Department of Correction. He has filed an action *pro se* and *in forma pauperis* asking the Court to enter a writ of mandamus against a state court judge. I conclude that the petition must be dismissed on the ground that the federal courts lack jurisdiction to grant a petition for writ of mandamus against a state court judge.

## BACKGROUND

On November 3, 2017, Miller was sentenced to an effective term of five years imprisonment in the Connecticut Superior Court following a guilty plea to charges including burglary. Doc. #1 at 2-3. On September 17, 2018, Miller filed a motion for sentence modification in the Connecticut Superior Court, arguing that the state court lacked subject matter jurisdiction over his criminal cases and that he did not enter his guilty plea voluntarily and intelligently. Doc. #1 at 2. On October 4, 2018, Judge Brown of the Connecticut Superior Court summarily denied the motion. Doc. #1 at 3. Miller has now filed this action styled as a "Writ of Mandamus" to "compel Judge Brown to dissolve Constructive Trust CR15-0152936T, CR15-0090698, [and] CR15-0090694 and produce petitioner for a hearing on MOTION AND ORDER SENTENCE

1

MODIFICATION APPLICATION." Doc. #1 at 1.[1]

DISCUSSION

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).

Miller seeks mandamus relief against Judge Brown. Mandamus is an extraordinary remedy which should not issue absent compelling circumstances. *See Lebron v. Armstrong*, 289 F. Supp. 2d 56, 58 (D. Conn. 2003). Although there is a federal statute that allows a federal prisoner to seek mandamus against federal officials, *see* 28 U.S.C. § 1361, there is no corresponding statute to authorize federal courts to enter writs of mandamus against state officials. *See Lebron*, 289 F. Supp. 2d at 58. Thus, the Second Circuit has ruled that "[t]he federal courts have no general power to compel action by state officials" and that if a petitioner "had expressly sought relief in the nature of mandamus or prohibition [against state officials], we would lack jurisdiction." *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). Moreover, to the

---

[1] Miller has not included a case caption on his papers. Because he states that he seeks relief against "Judge Brown," the Court infers that Judge Brown is the respondent.

extent that Miller might seek to recharacterize his filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, it is apparent that he has yet to exhaust his remedies as to Judge Brown's ruling through an appeal to the Connecticut Appellate Court and Connecticut Supreme Court. *See* 28 U.S.C. § 2254(b)(1)(A). Accordingly, the Court lacks jurisdiction over this action.

## CONCLUSION

This action is DISMISSED pursuant to 28 U.S.C. § 1915A(b) for lack of jurisdiction. The Clerk of Court shall close this case.

SO ORDERED this 2d day of January 2019 at New Haven, Connecticut.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge